# IN THE COURT OF APPEALS OF IOWA

No. 22-0470
Filed October 5, 2022

**IN THE INTEREST OF O.S.,**
**Minor Child,**

**S.S., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

    A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

    Teresa M. Pope of Branstad & Olson Law Office, Des Moines, for appellant mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

    Kayla A.J. Stratton of Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

    Considered by Ahlers, P.J., Badding, J., and Carr, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CARR, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination, an extension of time would not be proper in this case, termination is in the child's best interests, and an exception to termination should not be applied. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

S.S. is the mother of O.S., who was born in 2020.[1] The Iowa Department of Human Services became involved because the child tested positive for methamphetamine at birth. The mother admitted she used methamphetamine throughout her pregnancy. The mother did not follow through with offered services. She did not comply with drug screens. The child was hospitalized with a diagnosis of failure to thrive due to receiving inadequate nutrition. The child had inadequate weight gain and was in the one percent category for weight. On December 18, 2020, the child was removed from the mother's care and placed in foster care.

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2020). The mother entered a residential substance-abuse treatment program, which she successfully completed in April 2021. She relapsed in June. Thereafter, the mother was not consistent in responding to requests for drug tests. The mother has been

---

[1] The child's father, G.D., did not participate in services. His parental rights were terminated and he has not appealed the termination.

diagnosed with depression and anxiety. She did not consistently participate in mental-health services.

In October, the mother started an inpatient substance-abuse treatment program. She tested positive for methamphetamine on admission to the program. She left the program without completion. A drug test later in October was also positive for methamphetamine.

The State filed a petition to terminate parental rights on November 4, 2021. The mother had a new substance-abuse evaluation and started outpatient treatment but was unsuccessfully discharged. A DHS report noted the mother struggled with honesty, substance abuse, and mental-health concerns.

The termination hearing was held over two days in January and February 2022. On January 6, the mother stated that she planned to enter an inpatient substance-abuse treatment program. She testified that she continued to struggle with sobriety. She also testified, "I'm just now realizing how big my mental health is definitely a problem for me." The second day of the hearing was February 10. The mother testified she was going to enter inpatient treatment the next day. She asked for more time to work on reunification with her child.

The juvenile court entered an order terminating the mother's parental rights under section 232.116(1)(h) and (*l*) (2021). The court found termination of the mother's parental rights was in the child's best interests, stating:

> [The child] has waited his entire life for his mother to provide sobriety, safety, and stability. [The child] should not have to wait additional time to see if his mother is able to battle her lengthy history of substance use. Since termination and adoption are the preferred methods of obtaining permanency for children who cannot be returned to a parental home, the court finds termination is in the child's best interest.

The court did not apply any of the exceptions to termination found in section 232.116(3). The mother appeals the termination of her parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights pursuant to section 232.116(1)(*l*). She does not challenge the termination based on section 232.116(1)(h). When the juvenile court terminates parental rights on more than one statutory ground, we only need to find that the evidence supports termination on one of the grounds cited by the juvenile court to affirm. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We find the court properly terminated the mother's parental rights under section 232.116(1)(h). The mother concedes on appeal "[the child] could not be returned to her care at the time of the termination hearing and that there were areas she needed to work on for herself before [the child] could be placed back in her care." The termination is supported by clear and convincing evidence.

**IV.     Extension of Time**

The mother asserts the juvenile court should have granted her request for an extension of time to work on reunification.  She points out that she was preparing to enter a new residential treatment program.  She also states that she engaged in mental-health therapy, although there were some lapses in appointments in recent months.

A six-month extension of time may be granted under sections 232.104(2)(b) and 232.117(5) if parental rights are not terminated following a termination hearing. *In re D.P.*, No. 21-0884, 2021 WL 3891722, at *2 (Iowa Ct. App. Sept. 1, 2021). An extension of time may be granted if the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting Iowa Code § 232.104(2)(b)).  "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted).

Given the mother's history of unsuccessful attempts to maintain sobriety, we cannot say it is likely the child could be returned to the mother's care within six months.  *See id.*  Furthermore, we agree with the juvenile court's statement, "[The child] should not have to wait additional time to see if his mother is able to battle her lengthy history of substance use."  We affirm the court's decision denying the mother's request for additional time.

### V.     Best Interests

The mother contends that termination of her parental rights is not in the child's best interests. She notes that she was able to meet the child's needs during visits. She states that once she completes this latest substance-abuse treatment program, she could create a safe and secure environment for the child.

In considering the best interests of children, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33,40 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

In similar circumstances, we stated that a case was "one of those unfortunate cases in which a parent progresses and regresses, the progress is not enough to have the children returned to their care, and matters simply reach a point at which the child's best interests command permanency and stability." *In re I.S.*, No.20-0976, 2020 WL 6481088, at *4 (Iowa Ct. App. Nov. 4, 2020). The mother used methamphetamine while pregnant with the child. During the short period of time the mother cared for the child, the child failed to thrive and was hospitalized. Throughout the CINA proceedings the mother continued to struggle with sobriety. We conclude that termination of the mother's parental rights is in the child's best interests.

## VI.    Exceptions

The mother claims the juvenile court should have decided not to terminate her parental rights because "the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See* Iowa Code § 232.116(3)(c).

The exceptions to termination found in section 232.116(3) are permissive, not mandatory. *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019).

The juvenile court considered the exceptions in section 232.116(3) and found:

> The parents have failed to present evidence to establish an exception to termination exists. After considering the child's very young age, his need for permanency, the extent of the mother's addiction and need for additional treatment and time, the harm the child experienced while in the care of a parent, the court finds there are no legal exceptions in Iowa Code section 232.116(3) which would argue against termination. Considering all the evidence, the court finds termination is in the child's best interest.

We agree that application of an exception to termination is not in the child's best interests.

We affirm the decision of the juvenile court.

**AFFIRMED.**